UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM BROWN, Jr., | ) | 3:11CV1750 |
| | ) | |
| Petitioner | ) | JUDGE BENITA PEARSON |
| | ) | (Magistrate Judge Kenneth S. McHargh) |
| v. | ) | |
| | ) | |
| KEVIN SMITH, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | RECOMMMENDATION |

McHARGH, MAG. J.

The petitioner, William Brown, Jr. ("Brown") has filed a petition for a writ of

habeas corpus, arising out of his 2009 convictions for aggravated robbery,

kidnapping, and other crimes, in the Wood County (Ohio) Court of Common Pleas.

In his petition, Brown raises nine  grounds for relief:

1.  Trial counsel failed to secure a plea in a timely fashion, ineffective
assistance of counsel.

2.  Trial counsel failed to inform the judge the morning before trial
started of petitioners [sic] plea bargain posture.  Trial counsel was
ineffective.

3.  Trial counsel failed to inform the petitioner that if they waited until
they got closer to trial in hopes of being offered a fairer plea before
accepting the states [sic] plea.  There [sic] plea was not promised to be
available the next day. Trial counsel was ineffective.

4.  Ineffective Assistance of trial counsel.  Trial counsel failed to object,
and raise that the trial court committed plain error when they
convicted petitioner of 3 F1 kidnappings when the victims were left in
a safe place unharmed.

1

5.  The trial court erred in convicting and sentencing the petitioner on the aggravated robbery and kidnapping counts in violation of the double jeopardy clause of the Fifth Amendment of the U.S. Constitution and Article I, Section 10 of the Ohio Constitution and Ohio's multiple count statute.

6.  The Trial Courts [sic] erred in following State v. Foster after the U.S. Supreme Court issued it's ruling in Oregon v. Ice when the trial court imposed maximum, consecutive sentences upon the petitioner without making the required findings of facts.

7.  The states request for petitioner to be sentenced to consecutive sentences because petitioner was in a trial, violates petitioners [sic] rights to Due process under the 14th Amendment to the U.S. Constitution, and Article I, Section 10 and 16 of the Ohio Constitution.

8.  Trial counsel rendered ineffective assistance of counsel in violation of the 6th Amendment to the U.S. Constitution and Article I, Section 10, 11 of the Ohio Constitution.  By failing to inform petitioner of there being a possible plea cut off date.  And for failing to be prepared during the sentencing hearing.

9.  The trial court lacked jurisdiction to try the petitioner without a jury.

(Doc. 1, at § 12.)  The respondent has filed a Return of Writ (doc. 7), and the petitioner filed a Traverse (doc. 9).


## I.  FACTUAL AND PROCEDURAL BACKGROUND

The Ohio Court of Appeals set forth the following factual background:

On the morning of July 24, 2008, the Fifth Third Bank branch in Bowling Green was robbed.  Wearing a hooded sweatshirt and using a white handkerchief to cover his face, Brown entered the branch building and indicated that he had a gun.  He told the teller to do what he told her-or he would kill her.  During the robbery, he also told the other tellers that he had a gun and he would kill them if they did not do what they were told.

2

The first teller Brown encountered was Ms. Noe.  Brown grabbed hold of her and pressed a hard object against her back.  Based on his threats and actions, Noe believed Brown had a gun though she did not see it.  Once behind the counter, Brown forced Noe to the floor.  He instructed another teller, Ms. Schroeder, to put money into a plastic garbage bag.  Brown then demanded access to the vault, but Schroeder convinced him that she did not have a key-that only Ms. Sharpe had the key.  Ms. Sharpe was at that time outside fixing the ATM, and was unaware that the bank was being robbed.

Lacking access to the vault, Brown demanded Schroeder's car keys.  He took Schroeder from behind the teller counter to the break room, locking her in that room.  Brown then forced Noe to accompany him outside where he saw Sharpe.  After collecting Sharpe, the three of them went back into the bank and Sharpe opened the vault.  Sharpe testified that Brown pressed a hard object into her back, which she also assumed was a weapon.

After robbing the vault, Brown forced Noe outside with him to find Schroeder's vehicle.  He left Noe in the parking lot and drove off with the police in pursuit.  Attempting to elude capture, Brown reached speeds in excess of 100 m.p.h. before wrecking the vehicle.

A small screwdriver, a black plastic bag, and $61,315 in cash were recovered from the vehicle.  Brown was read his rights and signed a Miranda waiver before an interview the next day.  Brown testified that he robbed the bank using a screwdriver, and admitted telling the women inside the bank that he had a gun.  He denied, however, that he had threatened to harm or kill any of them.

Immediately prior to trial, Brown executed a waiver of trial by jury and a two-day bench trial commenced.  The trial court found Brown guilty on all counts and determined that Brown was a repeat violent offender.

The trial court denied Brown's requests for a presentence investigation, for a continuance to allow counsel to prepare a statement, and for the opportunity to offer testimony of family members in support of mitigation of sentence.  The trial court sentenced Brown to a maximum of ten years on the aggravated robbery charge and five years for the repeat offender specification, five years for each kidnapping charge, 18 months each for the two charges

3

of grand theft, and four years for failure to comply with the order or signal of a police officer.  The trial court ordered that all counts, except for robbery and grand theft, be served consecutively for a total of 34 years of incarceration.

(Doc. 7, RX 8, at 2-4; State v. Brown, No. WD-09-058, 2010 WL 1511665, at *1 (Ohio Ct. App. Apr. 16, 2010).)

## A.  Direct Appeal

Brown filed a timely notice of appeal, and set forth the following eight assignments of error:

1. Appellant's conviction for aggravated robbery was both against the manifest weight of the evidence and was not supported by the sufficiency of the evidence, in violation of the Due Process Clause of the 14th Amendment to the U.S. Constitution, and Article I, Sections 1 & 16 of the Ohio Constitution.

2. The trial court's sentencing entry contained an incorrect discretionary post-release control notification that violated R.C. §2967.28 and rendered appellant's sentence void.

3. The trial court erred in convicting and sentencing the appellant on aggravated robbery and kidnapping counts in violation of the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution and Article I, Section 10 of the Ohio Constitution and Ohio's multiple-count statute.

4. The trial court erred in following State v. Foster after the U.S. Supreme Court issued its ruling in Oregon v. Ice when the trial court imposed maximum, consecutive sentences upon the appellant without making the required findings of fact.

5. The trial court's 34 year prison sentence for bank robbery, wherein no individual was physically harmed, violated appellant's right against cruel and unusual punishment as guaranteed by the 8th and 14th Amendments to the U.S. Constitution and Article I, Section 9 of the Ohio Constitution.

4

6. The trial court's sentence was contrary to law and constituted an abuse of discretion, and the trial court's failure to grant a continuance or order a PSI prior to sentencing violated appellant's rights to due process under the 14th Amendment to the U.S. Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.

7. Trial counsel rendered ineffective assistance of counsel in violation of the 6th Amendment to the U.S. Constitution and Article I, Sections 10, 16 of the Ohio Constitution.

8. The trial court lacked jurisdiction to try the appellant without a jury.

(Doc. 7, RX 6.)  The court of appeals affirmed the conviction, but remanded on the basis of the second assignment of error, for the limited purpose of issuing a sentencing entry that conformed to Ohio Rev. Code § 2967.28, concerning proper notification of post-release control.[1]  (Doc. 7, RX 8, at 11-12, 29-30; Brown, 2010 WL 1511665, at *5, *14-*15.)

Brown appealed that decision to the Supreme Court of Ohio, raising the following five propositions of law:

1. The trial court erred in convicting and sentencing Appellant on aggravated robbery and kidnapping.  In violation of the Double Jeopardy clause of the Fifth Amendment of the U.S. Constitution and article 1, section 10 of the Ohio's multiple count statute.

2. The trial court's 34 year prison sentence for bank robbery, wherein no individual was physically harmed, violated appellant's right against cruel and unusual punishment as guaranteed by the 8th and 14th Amendments to the U.S. Constitution and Article I, Section 9 of the Ohio Constitution.

---

[1]  The trial court issued a corrected sentencing entry, in response to the direction of the appellate court, on March 15, 2011.  (Doc. 7, RX 15.)

5

3. The Trial Court's sentence was contrary to law and constituted an abuse of discretion, and the trial court's failure to grant a continuance prior to sentencing violated Appellant's right to due process under the 14th Amendment to the U.S. Constitution and Article 1, Sections 10 and 16 of the Ohio Constitution.

4. Trial counsel rendered ineffective assistance of counsel in violation of the 6th Amendment to The U.S. Constitution and Article I, Sections 10, 16 of the Ohio Constitution.

5. The trial court lacked jurisdiction to try the appellant without a jury.

(Doc. 7, RX 10.)  On Sept. 29, 2010, the state high court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question.  (Doc. 7, RX 12; State v. Brown, 126 Ohio St.3d 1582, 934 N.E.2d 355 (2010).)

## B.  Petition for Post-Conviction Relief

While his direct appeal was pending, Brown on Feb. 22, 2010, filed a petition for post-conviction relief, based on ineffective assistance of counsel.  (Doc. 7, RX 13.) The court denied the petition, finding it to be untimely filed.  (Doc. 7, RX 14.) Brown did not appeal this determination.

## C.  Rule 26(B) Application to Reopen Appeal

Brown filed a delayed application to reopen his appeal pursuant to Ohio App.R. 26(B) on Feb. 28, 2011, on the basis of ineffective assistance of appellate counsel.  (Doc. 7, RX 16.)  His application was denied as untimely, the court finding thtat Brown had failed to show good cause to excuse his delayed application.  (Doc.

7, RX 17; State v. Brown, No. WD-09-058, 2011 WL 2175074 (Ohio Ct. App. May 27, 2011) (per curiam).)

Brown next filed an "emergency motion" to vacate and re-enter judgment. (Doc. 7, RX 18.)  The court of appeals denied his motion, finding that Brown failed to provide  any legal authority to support his motion to vacate and re-enter, and because he had failed to provide any evidence supporting his assertions.  (Doc. 7, RX 19; State v. Brown, No. WD-09-058, 2011 WL 4357495 (Ohio Ct. App. Aug. 29, 2011) (per curiam).)

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus.  Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court.  The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas

7

court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

Brown has filed his petition pro se. The pleadings of a petition drafted by a pro se litigant are held to less stringent standards than formal pleadings drafted by lawyers, and will be liberally construed. Urbina v. Thoms, 270 F.3d 292, 295 (6th Cir. 2001) (citing Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972) (per curiam)). Other than that, no special treatment is afforded litigants who decide to proceed pro se. McNeil v. United States, 508 U.S. 106, 113 (1993) (strict adherence to procedural requirements); Jourdan v. Jabe, 951 F.2d 108 (6th Cir. 1991); Brock v. Hendershott, 840 F.2d 339, 343 (6th Cir. 1988).

Several of the grounds put forward by Brown allege violations of the Ohio Constitution. The question before this federal habeas court is whether the state

court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of the Ohio Constitution is not properly before this court.  See Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

## III.  PROCEDURAL DEFAULT

The respondent contends that the fourth and sixth grounds of the petition have been waived due to Brown's failure to fairly present the constitutional issues to all the appellate courts in direct review.  (Doc. 7, at 11.)

A habeas claim may be procedurally defaulted in two distinct ways.  First, by failing to comply with state procedural rules.  Williams v. Anderson, 460 F.3d 789, 806 (6th Cir. 2006) (citing Maupin v. Smith, 785 F.2d 135, 138 (6th Cir. 1986)).  Second, by failing to raise a claim in state court, and to pursue the claim through the state's ordinary review process.  Williams, 460 F.3d at 806 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999)).

### A.  Fourth Ground:  Ineffective Assistance

The fourth ground of the petition is that trial counsel was ineffective for failing to object to Brown's conviction on three first-degree kidnapping charges, because there was testimony that all three victims were left at the crime scene unharmed.  (Doc. 1, at p. 10.)  The respondent contends that this ground has been

9

defaulted because Brown did not present this ineffective assistance argument to the state courts, that is, an argument based on trial counsel's alleged failure to object to his convictions of first degree felony kidnapping. (Doc. 7, at 11.)

On direct appeal, Brown argued ineffective assistance of trial counsel. The issue was presented to the court as: "Was trial counsel ineffective in failing to notify Appellant of plea acceptance deadline or in failing to enter objections to preserve the claims attacking Appellant's sentence?" (Doc. 7, RX 6, at ix; see also RX 6, at 19-20.) Those other "claims attacking [Brown]'s sentence" did not include a claim that his conviction on three kidnapping charges was faulty because all three victims were left at the crime scene unharmed. See generally doc. 7, RX 6. In his brief to the Supreme Court of Ohio, Brown again raised the same argument of ineffective assistance of trial counsel. (Doc. 7, RX 10, at 10-11.)

A habeas petitioner cannot obtain relief unless he has completely exhausted his available state remedies. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Buell v. Mitchell, 274 F.3d 337, 349 (6th Cir. 2001) (citing Coleman v. Mitchell, 244 F.3d 533, 538 (6th Cir.), cert. denied, 534 U.S. 977 (2001)). To satisfy the exhaustion requirement, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. The exhaustion requirement is satisfied when the highest court in the state has been given a full and fair opportunity to rule on the petitioner's claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994) (citing Manning v. Alexander, 912 F.2d 878, 881 (6th

10

Cir. 1990)). A petitioner cannot circumvent the exhaustion requirement by failing to comply with state procedural rules. Coleman, 501 U.S. at 731-732; Buell, 274 F.3d at 349.

In addition, the Sixth Circuit has held that "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998); see also Jalowiec v. Bradshaw, No. 1:03CV0645, 2008 WL 312655, at *24 (N.D. Ohio Jan. 31, 2008), aff'd, 657 F.3d 293 (6th Cir. 2011), cert. denied, 133 S.Ct. 107 (2012). Although Brown presented an ineffective assistance claim to the state courts, the issue was not presented to the state court as trial counsel's failure to object to Brown's conviction on three kidnapping charges on the basis that all three victims were left at the crime scene unharmed. See generally doc. 7, RX 6.

Where a state court has failed to address a prisoner's federal claim(s) because the prisoner failed to meet a state procedural requirement, the state judgment rests on independent and adequate state procedural grounds, barring federal habeas relief. Coleman, 501 U.S. at 729-730; Wainwright v. Sykes, 433 U.S. 72 (1977); Morales v. Coyle, 98 F.Supp.2d 849, 860 (N.D. Ohio 2000), aff'd, 507 F.3d 916 (6th Cir. 2007). Thus, where a state prisoner has procedurally defaulted his federal claims in state court, habeas review of those claims is barred "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Buell, 274 F.3d at 348 (quoting

11

Coleman, 501 U.S. at 750); Davie v. Mitchell, 324 F.Supp.2d 862, 870 (N.D. Ohio 2004), aff'd, 547 F.3d 297 (6th Cir. 2008), cert. denied, 130 S.Ct. 503 (2009).

The court considers four factors to determine whether a claim has been procedurally defaulted:  (1) the court must determine whether there is a state procedural rule that is applicable to the petitioner's claim, and whether the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the procedural sanction; (3) the court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of the federal claim; and, (4) the petitioner must demonstrate that there was cause for her not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  Buell, 274 F.3d at 348 (citing Maupin, 785 F.2d at 138); Jacobs v. Mohr, 265 F.3d 407, 417 (6th Cir. 2001) (quoting Maupin).

Any ineffective-assistance claims that Brown could have asserted in his direct appeal, but did not, are defaulted under the Ohio doctrine of res judicata. Coleman, 244 F.3d at 538; State v. Szefcyk, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996) (syllabus); State v. Perry, 10 Ohio St.2d 175, 176, 226 N.E.2d 104, 105-106 (1967) (syllabus, ¶9).  Res judicata will apply when a defendant who is represented by new counsel on direct appeal, as Brown was, fails to raise the issue of ineffective assistance of trial counsel.  Hicks v. Collins, 384 F.3d 204, 211 (6th Cir. 2004), cert. denied, 544 U.S. 1037 (2005); Monzo v. Edwards, 281 F.3d 568, 576-577 (6th Cir. 2002).

12

The Ohio rule of res judicata satisfies the first three factors in Maupin. Jacobs, 265 F.3d at 417.  The fourth factor is that the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error.  "Cause" for a procedural default is ordinarily shown by "some objective factor external to the defense" which impeded the petitioner's efforts to comply with the state's procedural rule. Coleman, 501 U.S. at 753 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

In his traverse, Brown apparently argues that "cause" for his failure to include this claim in his direct appeal is ineffective assistance of appellate counsel. (Doc. 9, at 6-7.)  However, in support he raises the fact that his appeal, of the May 27, 2011, denial of his Rule 26(B) application, to the state Supreme Court was faulty because he failed to include a copy of that decision.  (Doc. 9, at 7, citing doc. 7, RX 19, at 2; Brown, 2011 WL 4357495, at *1.)  The reasons underlying the May 27, 2011, denial of his Rule 26(B) application are not relevant to cause for the procedural default at the first level of direct  appeal.

In any event, although ineffective assistance of counsel can serve as cause to overcome a default, Smith v. Ohio, Dept. of Rehab. and Corr., 463 F.3d 426, 432 (6th Cir. 2006) (citing Deitz v. Money, 391 F.3d 804, 809 (6th Cir. 2004)), an ineffective assistance of counsel claim asserted as cause for another defaulted federal claim can itself be defaulted.  Edwards v. Carpenter, 529 U.S. 446, 453 (2000).

13

The Ohio Supreme Court has held that "issues of ineffective assistance of appellate counsel must be raised at the first opportunity to do so." Monzo, 281 F.3d at 578 (quoting State v. Williams, 74 Ohio St.3d 454, 455, 659 N.E.2d 1253, 1254 (1996) (per curiam)).  Under Ohio law, claims of ineffective assistance of appellate counsel must be raised in a motion to re-open the appeal before the Ohio Court of Appeals. Monzo, 281 F.3d at 577 (citing State v. Murnahan, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992)); Ohio App. R. 26(B).  Such a motion must be filed in the court of appeals within 90 days of the appellate judgment. State v. Lamar, 102 Ohio St.3d 467, 468, 812 N.E.2d 970 (2004) (per curiam), cert. denied, 543 U.S. 1168 (2005); State v. Reddick, 72 Ohio St. 3d 88, 90, 647 N.E.2d 784, 786 (1995) (per curiam).  Brown did not file a timely motion to re-open.

The court of appeals denied Brown's delayed Rule 26(B) application, finding that he had failed to show good cause for a late filing.  (Doc. 7, RX 17; Brown, 2011 WL 2175074.)  Rule 26(B)'s 90-day filing period is a state procedural rule applicable to  Brown's claim, and the state court found that Brown failed to comply with the timely-filing provision.  The state court enforced the procedural sanction by denying his application for reopening.  The Sixth Circuit has found that this is an adequate state procedural ground. Smith, 463 F.3d at 436 n.7; Monzo, 281 F.3d at 577-578. Brown does not show cause to excuse the procedural default of his original Rule 26(B) application.  See generally doc. 9.

Brown does not show cause to excuse the procedural default of his claim of ineffective assistance of trial counsel.  Where the petitioner fails to demonstrate

14

cause and prejudice to excuse the default, the claim is barred.  Williams, 460 F.3d at 807.   The fourth ground of the petition has been procedurally defaulted.


## B.  Sixth Ground

The sixth ground of the petition is that the trial court "erred in following State v. Foster after the U.S. Supreme Court issued its ruling in Oregon v. Ice when the trial court imposed maximum, consecutive sentences upon the petitioner without making the required findings of facts."  The respondent recognizes that Brown raised this issue in the state court of appeals, but points out that Brown failed to press the issue before the Supreme Court of Ohio.  (Doc. 7, at 11; see generally doc. 7, RX 10.)

Brown has failed to properly exhaust this claim by giving the state high court a full and fair opportunity to rule on his constitutional claim.  Rust, 17 F.3d at 160, (citing Manning, 912 F.2d at 881).  Brown cannot return to state court to exhaust the claim because the Ohio Supreme Court has ruled that arguments that could have been raised in an initial appeal (and were not) will be barred from consideration on appeal following remand, under the doctrine of res judicata.  State v. Hutton, 100 Ohio St.3d 176, 182, 797 N.E.2d 948, 956 (2003); State v. Gillard, 78 Ohio St.3d 548, 549, 679 N.E.2d 276 (1997), cert. denied, 523 U.S. 1108 (1998).

"If, at the time of the federal habeas petition, state law no longer allows the petitioner to raise the claim, the claim is procedurally defaulted."  Williams, 460 F.3d at 806 (citing Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982)).  Where state court

remedies are no longer available to the petitioner, procedural default and not exhaustion bars habeas review. Id. Where the petitioner fails to demonstrate cause and prejudice to excuse the default, the claim is barred. Id. at 807.

As discussed above, Brown does not show cause for the procedural default of his claim, and the sixth ground of the petition has been procedurally defaulted.

## IV.  INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The first, second, third, (defaulted) fourth, and eighth grounds of the petition are all based on ineffective assistance of trial counsel related to the plea offer rejected by Brown.

Under the Sixth Amendment to the U.S. Constitution, "the right to counsel is the right to effective assistance of counsel." Joshua v. DeWitt, 341 F.3d 430, 437 (6th Cir. 2003) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)). The Supreme Court recently re-affirmed that the right to counsel extends to plea negotiations. Missouri v. Frye, 132 S.Ct. 1399, 1405-1407 (2012); see also Lafler v. Cooper, 132 S.Ct. 1376 (2012).

The Sixth Circuit discussed the general standard for ineffective assistance of counsel in Monzo v. Edwards:

> To establish ineffective assistance of counsel under Strickland, the defendant must show that his counsel's performance fell below an objective standard of reasonableness and that his counsel's errors were so serious as to prejudice the defendant. Review of counsel's performance is highly deferential and requires that courts "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." To establish prejudice, the

> defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Monzo, 281 F.3d at 579 (internal citations omitted).  See generally Strickland v. Washington, 466 U.S. 668, 689 (1984) (two-part test).  To show prejudice from ineffective assistance where a plea offer has lapsed because of counsel's allegedly deficient performance, Brown must demonstrate a reasonable probability that he would have accepted the earlier plea offer had he been afforded effective assistance of counsel.  Frye, 132 S.Ct. at 1409.

In the habeas context, this court considers petitioner's ineffective assistance claim "within the more limited assessment of whether the state court's application of Strickland to the facts of this case was objectively unreasonable."  Washington v. Hofbauer, 228 F.3d 689, 702 (6th Cir. 2000).

The Supreme Court has affirmed that this court must approach the state court's rulings in a highly deferential manner.  The Supreme Court stated in Harrington v. Richter that the "pivotal question" of whether the state court's application of Strickland standard was unreasonable is different from simply deciding whether counsel's performance fell below Strickland's standard.  Harrington v. Richter, 131 S.Ct. 770, 785 (2011).  The focus on habeas review is "not whether counsel's actions were reasonable," rather, the question is "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."  Richter, 131 S.Ct. at 788.

The Court in Richter instructed that the petitioner must show that the ruling of the state court "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 131 S.Ct. at 786-787; see also Montgomery v. Bobby, 654 F.3d 668, 676 (6th Cir. 2011) (en banc), cert. denied, 132 S.Ct. 2376 (2012) (quoting Richter).  The Court acknowledged that, under the AEDPA, this standard was "difficult to meet," however, it was "meant to be" so.  Id. at 786; see also Montgomery, 654 F.3d at 676.

The state court of appeals addressed the ineffective assistance claim(s) as follows:

> Specifically, Brown claims prejudice, asserting that he would have accepted the plea offer had he been aware there was a deadline.  Brown's conduct, however, belies his claim that he would have accepted the plea – in fact, he had rejected the plea.  As such, we find that Brown fails to demonstrate ineffective assistance of counsel, and prejudice resulting from his lack of knowledge of the state's offer deadline.
>
> To prevail on a claim of ineffective assistance of counsel, appellant must satisfy the two-prong test enunciated in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; accord State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph two of the syllabus.  Initially, Brown must show that counsel's performance was deficient.  To meet that requirement, Brown must show counsel's error was so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Once the first prong is established, Brown must show that the error was prejudicial.  "[F]ailure to satisfy one prong of the Strickland test negates a court's need to consider the other." State v. Beavers, 10th Dist. No. 08AP-1070, 2009-Ohio-4214, ¶ 8, citing Strickland, 466 U.S. at 697.

Under the first prong, there is a strong presumption that defense counsel's conduct falls within a wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Brown must overcome the presumption that his trial counsel communicated to him the existence of a deadline for the acceptance of the plea offer.

We find that Brown cannot show any evidence that the deadline was not communicated to him. Even assuming that he could, the evidence demonstrates that Brown would not have accepted the plea. In fact, he rejected the plea. Brown was unwilling to accept the plea unless his period of incarceration was limited to six months. The state refused Brown's counter-offer, leading Brown to complain at sentencing that counsel "refused to get me a type of plea that would be fair." Brown's statement demonstrates that he was unsatisfied with the terms of the plea and would not have accepted it even if he knew of the deadline.

(Doc. 7, RX 8, at 24-25; Brown, 2010 WL 1511665, at *12.) The respondent asserts that Brown is unable to demonstrate that the state court decision is contrary to, or an unreasonable application, of Supreme Court precedent. (Doc. 7, at 16.)

Brown raises several theories in his traverse, several of which were not presented in the state courts. See doc. 9, at 14-20. This court cannot consider those theories at this point. See generally Wong, 142 F.3d at 322 (claims must be presented to state courts under same theory later presented in habeas); see also Tyler v. Mitchell, 416 F.3d 500, 504 (6th Cir. 2005), cert. denied, 547 U.S. 1074 (2006) (citing cases) (claims first raised in traverse not properly before court); Jenkins v. Welch, No. 4:09CV637, 2010 WL 1948297, at *15 (N.D. Ohio Apr. 26, 2010).

Reviewing the state court's decision, and Brown's arguments, the court finds that Brown has failed to demonstrate that the ruling of the state court on his ineffective assistance claim(s) "was so lacking in justification that there was an

19

error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  Richter, 131 S.Ct. at 786-787; see also Montgomery, 654 F.3d at 676.  Brown has not demonstrated that the state court decision is an unreasonable application of Supreme Court precedent as expressed in Strickland and related cases.


## V.  DOUBLE JEOPARDY

The fifth ground of the petition is:  "The trial court erred in convicting and sentencing the petitioner on the aggravated robbery and kidnapping counts in violation of the double jeopardy clause of the Fifth Amendment of the U.S. Constitution and Article I, Section 10 of the Ohio Constitution and Ohio's multiple count statute."

As mentioned earlier, the question before this court is whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law.  Federal habeas relief is not available for a claimed violation of state law, thus any alleged violation of the Ohio Constitution or state statute is not properly before this court.  See Lewis, 497 U.S. at 780.

The Double Jeopardy Clause of the Fifth Amendment protects a defendant from multiple punishments for the same offense.  Missouri v. Hunter, 459 U.S. 359, 366 (1982) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)).  "The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied . . . is whether each

provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932); see also United States v. Dixon, 509 U.S. 688, 696 (1993) ("whether each offense contains an element not contained in the other").

"The Blockburger test focuses on the proof necessary to prove the statutory elements of each offense, rather than on the actual evidence to be presented at trial." Illinois v. Vitale, 447 U.S. 410, 416 (1980); see also United States v. Dudeck, 657 F.3d 424, 428 (6th Cir. 2011) (proof necessary to establish statutory elements) (citing Vitale).

The state court of appeals addressed Brown's claim as follows:

Brown's third assignment of error asserts that:

"The trial court erred in convicting and sentencing the Appellant on the aggravated robbery and kidnapping counts in violation of the double jeopardy clause of the Fifth Amendment of the U.S. Constitution and Article 1, Section 10 of the Ohio Constitution and Ohio's multiple-count statute."

We disagree.

Ohio's multiple-count statute, R.C. 2941.25, determines whether cumulative punishments for two separate offenses stemming from the same conduct violate the Double Jeopardy Clause.

R.C. 2941.25 provides: "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

21

Application of this statute involves a two-tiered analysis.  State v. Brown, 119 Ohio St.3d 447, 895 N.E.2d 149, 2008-Ohio-4569, ¶ 18, citing State v. Cabrales, 118 Ohio St.3d 54, 886 N.E.2d 181, 2008-Ohio-1625, ¶ 14.  " 'In the first step, the elements of the two crimes are compared.  If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step.  In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses.  If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses.' " Brown at ¶ 19, quoting State v. Blankenship (1988), 38 Ohio St.3d 116, 117, 526 N.E.2d 816.  Brown's assignment of error challenges the trial court's determination that he had a separate animus for the kidnapping and aggravated robbery, so we must address that issue.

A. Comparison of the Crimes

The first step for determining whether two offenses are allied offenses of similar import requires comparing the statutory elements in the abstract, rather than comparing the offenses as charged in a particular indictment.  In State v. Cabrales, 118 Ohio St.3d 54, 886 N.E.2d 181, 2008-Ohio-1625, ¶ 22, the Supreme Court of Ohio cautioned that "nowhere does [State v. Rance, 85 Ohio St.3d 632, 1999-Ohio-291] mandate that the elements of compared offenses must exactly align for the offenses to be allied offenses of similar import under R.C. 2941.25(A)." Under Cabrales, elements need not be identical for offenses to be allied.  Cabrales at ¶ 29.

Turning to the elements of the offenses involved in this case, R.C. 2905.01 defines kidnapping as follows: "(A) No person, by force, threat, or deception, * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: * * * (2) To facilitate the commission of any felony or flight thereafter."

R.C. 2911.01 defines aggravated robbery as follows: "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following: (1) Have a deadly weapon on or about the offender's person or under the offender's control and either

22

display the weapon, brandish it, indicate that the offender possesses it, or use it."

In comparing aggravated robbery to kidnapping, the Ohio Supreme Court in State v. Winn, 121 Ohio St.3d 413, 905 N.E.2d 154, 2009-Ohio-1059, ¶ 21, observed, "It is difficult to see how the presence of a weapon that has been shown or used, or whose possession has been made known to the victim during the commission of a theft offense, does not also forcibly restrain the liberty of another.  These two offenses are 'so similar that the commission of one offense will necessarily result in commission of the other.' " Citing Cabrales at paragraph one of the syllabus.  We agree and find that comparison of the elements pursuant to Cabrales suggest that aggravated robbery and kidnapping are allied offenses.

B. Brown's Conduct

We must next review Brown's conduct to determine whether he committed those offenses "separately or with a separate animus as to each," so as to allow him to be convicted of both crimes.  R.C. 2941.25(B).

In State v. Logan (1979), 60 Ohio St.2d 126, 397 N.E.2d 1345, the Supreme Court of Ohio adopted the following guidelines for reviewing the defendant's conduct to determine whether kidnapping and another offense of the same or similar kind are committed: "(a) Where the restraint or movement of the victim is merely incidental to a separate underlying crime, there exists no separate animus sufficient to sustain separate convictions; however, where the restraint is prolonged, the confinement is secretive, or the movement is substantial so as to demonstrate a significance independent of the other offense, there exists a separate animus as to each offense sufficient to support separate convictions; (b) Where the asportation or restraint of the victim subjects the victim to a substantial increase in risk of harm separate and apart from that involved in the underlying crime, there exists a separate animus as to each offense sufficient to support separate convictions ." The court defined "animus," for purposes of R.C. 2941.25(B), as meaning "purpose or, more properly, immediate motive." Logan, 60 Ohio St.2d 126, 397 N.E.2d 1345.

Applying the guidelines established by Logan, we conclude that Brown did commit the aggravated robbery and kidnapping separately or with a separate animus as to all three tellers.

> In this case, Noe and Schroeder were inside the bank when Brown
> robbed it, and Sharpe was outside. Brown took Noe and Schroeder
> from behind the counter, locked Schroeder in a room and left the bank
> with Noe. Upon discovering Sharpe outside, he took her into the bank
> along with Noe. After robbing the vault, he left Sharpe behind and
> took Noe back outside with him and left Noe in the parking lot when
> he saw the police. On the facts of this case, we find that the movement
> of the victims was not merely incidental to the underlying crime of
> aggravated robbery, but it subjected them to a substantial increase in
> risk of harm beyond that of the robbery itself. Accordingly, Brown's
> third assignment of error is not well-taken.

(Doc. 7, RX 8, at 12-16; Brown, 2010 WL 1511665, at *6-*8.)

The state court of appeals clearly analyzed Brown's claim under the Ohio

"allied offenses of similar import" statute, rather than under the Double Jeopardy

Clause utilizing the Blockburger test. The issue for this court, then, is whether the

state court's decision was contrary to clearly established Federal law, as determined

by the Supreme Court of the United States. Williams, 529 U.S. at 412-413. A state

court decision is "contrary to" clearly established Supreme Court precedent "if the

state court applies a rule that contradicts the governing law set forth in [Supreme

Court] cases." Williams, 529 U.S. at 405.

Under Blockburger, as set forth earlier, the double jeopardy rule is, where

the same act constitutes a violation of two distinct statutory provisions, the test is

"whether each provision requires proof of a fact which the other does not."

Blockburger, 284 U.S. at 304 ; see also Dixon, 509 U.S. at 696 ("whether each

offense contains an element not contained in the other").

Brown was charged with, and found guilty of, "aggravated robbery,"

prohibited by Ohio Rev. Code § 2911.01(A)(1). (Doc. 7, RX 1, indictment; and, RX 4,

24

judgment entry of conviction.)  The provisions of the statute read:  "No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:  (1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."  Ohio Rev. Code § 2911.01(A)(1).

Brown was also charged with, and found guilty of, several counts of "kidnapping," as prohibited by Ohio Rev. Code § 2905.01(A)(2).  (Doc. 7, RX 1, indictment; and, RX 4, judgment entry of conviction.)  The relevant provisions of that statute read:  "No person, by force, threat, or deception, * * * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes: * * * * * (2) To facilitate the commission of any felony or flight thereafter."  Ohio Rev. Code § 2905.01(A)(2).

The Blockburger test focuses on the statutory elements of each offense. Vitale, 447 U.S. at 416; see also Dudeck, 657 F.3d at 428.  It is clear that these two distinct statutory provisions each require proof of a fact which the other does not. See generally Blockburger, 284 U.S. at 304.  A conviction for aggravated robbery requires having a deadly weapon on or about the offender's person, or under his control.  Ohio Rev. Code § 2911.01(A)(1); see also Ohio Jury Instr. § 511.01(A).  A conviction for kidnapping does not require the "deadly weapon" element.  See generally Ohio Rev. Code § 2905.01(A)(2).  Brown's  indictment on the kidnapping

25

counts consequently made no mention of the involvement of a "deadly weapon." (Doc. 7, RX 1, indictment, counts 3-5.)

On the other hand, a conviction for kidnapping requires the removal of another from the place where the other person is found, or the restraint of that person's liberty. Ohio Rev. Code § 2905.01(A)(2); see also Ohio Jury Instr. § 505.01(A). A conviction for aggravated robbery does not require the "removal" or "restraint" element. See generally Ohio Rev. Code § 2911.01(A)(1). Brown's indictment on the aggravated robbery count made no mention of the "removal" or "restraint" of any person. (Doc. 7, RX 1, indictment, count 1.)

Brown's convictions for aggravated robbery and kidnapping present no constitutional violation of the Double Jeopardy Clause under the Blockburger analysis. Blockburger, 284 U.S. at 304; see also Floyd v. Marshall, 538 F.Supp 381, 385 (N.D. Ohio 1982); Heard v. Jago, 515 F.Supp. 162, 166 (S.D. Ohio 1981) (no double jeopardy issue because aggravated robbery and kidnapping each require proof of evidentiary fact not required by the other).

Although Ohio's "allied offenses of similar import" statute is apparently intended, in part, to alleviate double jeopardy concerns, State v. Johnson, 128 Ohio St.3d 153, 162, 942 N.E.2d 1061, 1069 (2010), the analysis under that state statute is rather different than that required by Blockburger and related U.S. Supreme Court precedent. For example, the most recent formulation of the analysis required under the Ohio statute is the following:

26

Under R.C. 2941.25, the court must determine prior to sentencing whether the offenses were committed by the same conduct.  Thus, the court need not perform any hypothetical or abstract comparison of the offenses at issue in order to conclude that the offenses are subject to merger.

In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other. Blankenship, 38 Ohio St.3d at 119, 526 N.E.2d 816 (Whiteside, J., concurring) ("It is not necessary that both crimes are always committed by the same conduct but, rather, it is sufficient if both offenses can be committed by the same conduct.  It is a matter of possibility, rather than certainty, that the same conduct will constitute commission of both offenses."  [Emphasis sic]). If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., "a single act, committed with a single state of mind."  Brown, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 50 (Lanzinger, J., dissenting).

If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

Johnson, 128 Ohio St.3d at 162-163, 942 N.E.2d at 1070.  (The court of appeals reviewing Brown's conviction utilized an earlier variation of this test.  See doc. 7, RX 8, at 12-16; Brown, 2010 WL 1511665, at *6-*8.)

This most recent formulation of the test was summarized by the Johnson court as follows:  "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered."  Johnson, 128 Ohio St.3d at 153, 942 N.E.2d at 1062 (syllabus)

(overruling State v. Rance, 85 Ohio St.3d 632, 710 N.E.2d 699 (1999)).  See also doc. 7, RX 8, at 13; Brown, 2010 WL 1511665, at *6 (applying governing analysis at time of appeal).

Earlier this year, an Ohio court of appeals recognized that:

> While R.C. 2941.25 has never been amended, commentators, and the supreme court itself, have acknowledged that the test used to determine whether two allied offenses are subject to merger has expanded and contracted in "accordion-like" fashion over the 38 years since enactment of the multiple-counts statute.

State v. Anderson, 974 N.E.2d 1236, 1242 (Ohio Ct. App. 2012).  The Ohio Supreme Court itself has lamented "how difficult our jurisprudence on allied offenses has become."  Johnson, 128 Ohio St.3d at 154, 942 N.E.2d at 1063 (quoting State v. Williams, 124 Ohio St.3d 381, 922 N.E.2d 937, ¶ 29 (Lanzinger, J., concurring)).

The state supreme court "has recognized that certain offenses are allied offenses of similar import even though their elements do not align exactly."  State v. Cabrales, 118 Ohio St.3d 54, 60, 886 N.E.2d 181, 187 (2008); see also Johnson, 128 Ohio St.3d at 159, 942 N.E.2d at 1067 (court has "held that offenses were allied, despite an inexact alignment of the elements").  See also State v. Winn, 121 Ohio St.3d 413, 413, 905 N.E.2d 154, 155 (2009) (syllabus) (applying Rance, crimes of kidnapping and aggravated robbery are "allied offenses of similar import," pursuant to Ohio Rev. Code § 2941.25).  At times, the state high court has implied the existence of elements for an offense which are not specified in the statute.  See, e.g., Winn, 121 Ohio St.3d at 416-417, 905 N.E.2d at 158 (finding kidnapping and aggravated robbery to be "allied offenses of similar import" – "It is difficult to see

28

how the presence of a weapon that has been shown or used, or whose possession has been made known to the victim during the commission of a theft offense, does not also forcibly restrain the liberty of another").

However, these Ohio cases were based on discussions of Ohio's "allied offenses of similar import" statute, not the Double Jeopardy Clause of the U.S. Constitution.  In the state court's analysis of that statute, for example, "the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses."  (Doc. 7, RX 8, at 13; Brown, 2010 WL 1511665, at *6.)

The focus on the statutory elements of the offense distinguishes the U.S. Supreme Court's double jeopardy jurisprudence from Ohio law construing Ohio's "allied offenses of similar import" statute.  In United States v. Dixon, the U.S. Supreme Court reaffirmed the "same elements" test established in Blockburger, and rejected a "same conduct" test, "which looked past the statutory elements of a charged offense to the particular facts the government intended to prove in the challenged prosecution."  United States v. Basciano,  599 F.3d 184, 197-198 (2d Cir. 2010) (citing Dixon, 509 U.S. at 696, 704).  In the second step of the analysis under the "allied offenses of similar import" statute, Ohio's focus on the "conduct of the accused," see, e.g., Johnson, 128 Ohio St.3d at 153, 942 N.E.2d at 1062 (syllabus), and "not whether it is possible to commit one [offense] without committing the other," Johnson, 128 Ohio St.3d at 162-163, 942 N.E.2d at 1070, takes the issue outside the Blockburger test used in the U.S. Supreme Court's double jeopardy jurisprudence.

29

Under Blockburger, the test is "whether each provision requires proof of a fact which the other does not." Blockburger, 284 U.S. at 304; see also Dixon, 509 U.S. at 696. The Blockburger test focuses on the proof necessary to prove the statutory elements of each offense. Vitale, 447 U.S. at 416; see also Dudeck, 657 F.3d at 428. Thus, analysis under Ohio's "allied offenses of similar import" statute is properly an issue of state law, and is not appropriate for this court's habeas review.

As determined earlier, the court finds Brown's convictions for aggravated robbery and kidnapping present no constitutional double jeopardy violation under the Blockburger analysis, because each offense contains an element not contained in the other. Blockburger, 284 U.S. at 304; see also Dixon, 509 U.S. at 696; Floyd, 538 F.Supp at 385; Heard, 515 F.Supp. at 166. Although the state court denied Brown's double jeopardy claim using a different analysis, based on state law, the state court's adjudication upholding Brown's convictions did not result in a decision that was contrary to clearly established federal law.

## VI. JURISDICTION OF COURT TO CONDUCT BENCH TRIAL

The ninth ground of the petition is that the trial court "lacked jurisdiction to try the petitioner without a jury." The supporting facts for this ground are: "The waiver of trial by jury did not sufficiently mirror the language set forth in [Ohio Rev. Code] § 2945.05." (Doc. 1, at p. [18].)

30

The respondent contends that this claim presents a matter of state statutory interpretation, which is not cognizable in habeas. (Doc. 7, at 35.)

The state court of appeals addressed this specific claims as follows:

Brown next complains that the language of the written waiver did not sufficiently mirror the language set forth in R.C. 2945.05. R.C. 2945.05 and Crim.R. 23(A) mandate that waiver be in writing and signed by the defendant, and the requirements must appear of record for the trial court to have jurisdiction to try the defendant without a jury. See Tate, 59 Ohio St.2d 50, 391 N.E.2d 738; State v. Riley (1994), 98 Ohio App.3d 801, 649 N.E.2d 914. A written jury trial waiver is required to ensure that the defendant's waiver is intelligent, knowing, and voluntary. See State v. Foust, 105 Ohio St.3d 137, 823 N.E.2d 836, 2004-Ohio-7006, ¶ 52; State v. Otte (2002), 94 Ohio St.3d 167, 168, 761 N.E.2d 34. The written waiver must be time-stamped, filed with the clerk's office, and made part of the record. Brown complains only that the language on the waiver form did not exactly match the statute and that it made reference to his right to a jury trial under the United States Constitution.

The Sixth Amendment to the United States Constitution and Section 10, Article I, Ohio Constitution, guarantee a criminal defendant the right to a jury trial. See State ex rel. City of Columbus v. Boyland (1979), 58 Ohio St.2d 490, fn. 1, 391 N.E.2d 324. Pursuant to Crim.R. 23(A), a criminal defendant may knowingly, voluntarily, and intelligently waive this constitutional right to a jury trial. State v. Bays (1999), 87 Ohio St.3d 15, 19, 716 N.E.2d 1126, citing State v. Ruppert (1978), 54 Ohio St.2d 263, 271, 375 N.E.2d 1250.

Crim.R. 23(A) does not specifically detail the form of the waiver, but R.C. 2945.05 does. The written waiver of jury trial must contain similar language to that set forth in R.C. 2945.05. Brown does not cite any cases, however, that require that the language of the jury waiver be exactly the same as that set forth in R.C. 2945.05. Substantial compliance with the statutory language is sufficient. See State v. Walker (1993), 90 Ohio App.3d 352, 356, 629 N.E.2d 471.

Ohio courts have declined to find that the language of the waiver must be a verbatim recitation of R.C. 2945.05. Based upon our review of the record, including a reading of the transcript of the trial, we find that the waiver language substantially complies with that required by R.C.

31

2945.05. In addition, the transcript reveals that Brown reaffirmed his waiver orally, in open court, following an admonition and explanation by the trial judge immediately preceding the trial. See State v. Morris (1982), 8 Ohio App.3d 12, 14, 455 N.E.2d 1352 ("a written waiver signed by the defendant prior to trial and followed by a one sentence inquiry by the trial judge is sufficient to insure defendant's rights," citing State v. Johnson (Mar. 5, 1981), 8th Dist. No. 42722).

Even though the waiver included the additional reference to Brown's right to a jury trial under the United States Constitution, the specific reference to the United States Constitution does not invalidate the waiver. We fail to see how it could. The source of the right to a trial by jury cannot be limited solely to Section 10, Article I, of the Ohio Constitution which guarantees a criminal defendant the right to a jury trial. The inclusion of "United States" in the waiver form does not invalidate it. As such, we find that the language in this waiver substantially complies with R.C. 2945.05.

The eighth assignment of error is not well-taken.

(Doc. 7, RX 8, at 27-29; Brown, 2010 WL 1511665, at *13-*14.)

As respondent states, the state court addressed Brown's claim as an issue of state law, which was how Brown presented the claim on appeal. See doc. 7, RX 6, at 21. The Supreme Court has made it clear that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). This court is limited to determining whether the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Williams, 529 U.S. at 412-413; Estelle, 502 U.S. at 68.

The state court did not apply federal law, so Brown would be entitled to habeas relief on this claim only if the state court's adjudication resulted in a decision that was contrary to clearly established federal law.

32

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a jury trial.  The constitutional right to trial by jury may be waived, but "only when the defendant's decision is voluntary, knowing and intelligent." Linte v. Tate, 884 F.2d 579, 1989 WL 99434, at *1 (6th Cir. 1989) (TABLE, text in WESTLAW) (citing Patton v. United States, 281 U.S. 276, 312 (1930)); see also Singer v. United States, 380 U.S. 24, 34 (1965) (citing Adams v. United States ex rel. McCann, 317 U.S. 269, 277-278 (1942)).  Although the state court of appeals here did not cite Patton, Adams, or other U.S. Supreme Court cases, the court did cite the following  standard:  "A written jury trial waiver is required to ensure that the defendant's waiver is intelligent, knowing, and voluntary.  See State v. Foust, 105 Ohio St.3d 137, 823 N.E.2d 836, 2004-Ohio-7006, ¶ 52."  (Doc. 7, RX 8, at 27; Brown, 2010 WL 1511665, at *13.)  The Foust decision relies in part on Adams.  See State v. Foust, 105 Ohio St.3d 137, 146, 823 N.E.2d 836, 851 (2004).

Where a petitioner seeks habeas relief, "the burden of proof rests upon him to establish that he did not competently and intelligently waive his constitutional rights." Linte, 1989 WL 99434, at *1 (citing Johnson v. Zerbst, 304 U.S. 458, 468-469 (1938)); see also Johnson v. Wolfenbarger, No. 09-1895, 2010 WL 3245765, at *4 (6th Cir. Aug. 17, 2010) (burden on petitioner).  The record shows that Brown executed a written waiver of his right to trial by jury (doc. 7, RX 3), and the court inquired of him to establish that the waiver was voluntary, knowing and intelligent. (Doc. 7, RX 23, Trial tr., at 2-5; doc. 7, RX 4, at 1.)

33

Brown does not challenge the jury waiver on the basis that it was not voluntarily, knowingly and intelligently made, but rather on the basis that there was not strict compliance with the provisions of Ohio Rev. Code § 2945.05.  (Doc. 9, at 26.)  That is a matter of state law, which is not cognizable in habeas.  Brown has failed to demonstrate that the state court's adjudication resulted in a decision that was contrary to clearly established federal law.

<u>RECOMMENDATION</u>

It is recommended that the petition for a writ of habeas corpus be denied.

Dated:   Dec. 7, 2012                        /s/ Kenneth S. McHargh
                                             Kenneth S. McHargh
                                             United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the District Court's order.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).