PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WILLIAM BROWN, JR., ) | |
| ) | CASE NO.  3:11CV01750 |
| Petitioner, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| KEVIN SMITH, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Respondent. ) | **ORDER** [Resolving ECF No. 1] |

Before the Court is *pro se* Petitioner William Brown, Jr.'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent Kevin Smith ("the State"), as the warden, filed a return of writ.  ECF No. 7.  Petitioner filed a traverse.  ECF No. 9.  United States Magistrate Judge Kenneth S. McHargh prepared a report and recommendations in accordance with 28 U.S.C. § 636(b)(1)(B), and recommended that the habeas petition be denied in part and dismissed in part. ECF No. 12.  Petitioner timely filed objections to the report and recommendations.  ECF No. 13. The Court has reviewed the above filings, the relevant portions of the record, and the governing law. For the reasons provided, the Court overrules Petitioner's objections, adopts the report and recommendations, and denies in part, and dismisses in part, the habeas petition.[1]

---

[1] The magistrate judge also issued an order, ECF No. 11, denying Petitioner's motion for an evidentiary hearing, ECF No. 10.  Petitioner did not object to this order, which the Court will adopt.  Fed. R. Civ. P. 72(a).

(3:11CV01750)

# I. Factual and Procedural History

### A. State Trial

On the morning of July 24, 2008, Petitioner robbed a Fifth Third Bank in Bowling Green, Ohio. ECF No. 7-1 at 134. After a police pursuit in which Petitioner drove a stolen vehicle in excess of 100 miles per hour, Petitioner was captured and arrested. ECF No. 7-1 at 135. Petitioner was indicted in the Wood County, Ohio, Court of Common Pleas on charges of aggravated robbery, robbery, kidnapping, grand theft, grand theft of a motor vehicle, and failure to comply with the order or signal of a police officer. ECF No. 7-1 at 3-4. Petitioner pleaded not guilty and waived his right to a jury trial. ECF No. 7-1 at 6, 9. Following a two-day bench trial, the trial court found Petitioner guilty on all charges. ECF No. 7-1 at 11. In a judgment entry dated June 9, 2009, the trial court sentenced Petitioner to thirty-four years of incarceration. ECF No. 7-1 at 16.

### B. Direct Appeal

On July 7, 2009, Petitioner, through counsel, timely filed a notice of appeal with the Ohio Court of Appeals, Sixth District. ECF No. 7-1 at 20. Petitioner raised eight assignments of error, including the claim that his trial counsel was ineffective. In regard to that claim, Petitioner argued that he would have accepted the State's ten year plea offer had his attorney informed him that there was a cutoff date for accepting the offer. ECF No. 7-1 at 59-60. On April 16, 2010, the Ohio Court of Appeals remanded the case to the trial court for the limited purpose of issuing a sentencing entry that conformed with post-release control notification requirements. ECF No. 7-1 at 161-62. The appeals court affirmed the trial court's judgment in all other respects. ECF No. 7-1 at 162.

(3:11CV01750)

On June 1, 2010, Petitioner, proceeding *pro se*, timely appealed to the Ohio Supreme Court. ECF No. 7-1 at 163. Among Petitioner's five propositions of law was the contention that he would have accepted the State's ten year plea offer had his attorney not failed to inform him that the State's offer had a cutoff date for acceptance. ECF No. 7-1 at 177. On September 29, 2010, the Ohio Supreme Court denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional questions. ECF No. 7-1 at 237.

### C. Post-conviction Proceedings

While the Ohio Court of Appeals was considering Petitioner's direct appeal, Petitioner, proceeding *pro se*, filed an untimely petition for post-conviction relief on February 22, 2010. ECF No. 7-1 at 238. Petitioner once again claimed that his trial counsel failed to inform him that the State's ten year plea offer had a cutoff date. ECF No. 7-1 at 239. On March 4, 2010, the trial court denied the petition because it was not filed in accordance with R.C. § 2953.21, that is, within 180 days after the date on which the trial transcript was filed with the Ohio Court of Appeals. ECF No. 7-1 at 246. The trial court also determined that Petitioner did not qualify under any of the exceptions to the time requirement. ECF No. 7-1 at 247. Petitioner did not appeal this decision.

### D. Rule 26(B) Application to Reopen Appeal

On February 28, 2011, Petitioner, proceeding *pro se*, filed a "delayed" application to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B). ECF No. 7-1 at 259. Petitioner asserted that his appellate counsel's "inadequate performance" compromised his appeal and caused his Rule 26(B) application to be untimely. ECF No. 7-1 at 259-60. The Ohio Court of Appeals denied the application on the ground of untimeliness. ECF No. 7-1 at 269. Petitioner failed to perfect a timely

3

(3:11CV01750)

appeal to the Ohio Supreme Court. On August 3, 2011, Petitioner filed an "emergency motion" with the Ohio Court of Appeals to vacate and re-enter its judgment on the Rule 26(B) application so that Petitioner could timely appeal to the Ohio Supreme Court. ECF No. 7-1 at 270. On August 29, 2011, the appeals court denied Petitioner's motion. ECF No. 7-1 at 277.

### E. Federal Habeas Review

In a timely-filed petition for a writ of habeas corpus under 28 U.S.C. § 2254, Petitioner, proceeding *pro se*, presents to this Court the following nine grounds for habeas relief:

> 1. Trial counsel failed to secure a plea in a timely fashion. Ineffective assistance of counsel.
>
> 2. Trial counsel failed to inform the judge the morning before trial started of petitioner's plea bargain posture. Trial counsel was ineffective.
>
> 3. Trial counsel failed to inform the petitioner that if they waited until they got closer to trial in hopes of being offered a fairer plea before accepting the State's plea[, the] plea was not promised to be available the next day. Trial counsel was ineffective.
>
> 4. Ineffective assistance of trial counsel. Trial counsel failed to object and raise that the trial court committed plain error when they [sic] convicted petitioner of 3 F1 kidnappings when the victims were left in a safe place unharmed.
>
> 5. The trial court erred in convicting and sentencing the petitioner on the aggravated robbery and kidnapping counts in violation of the double jeopardy clause of the Fifth Amendment of the U.S. Constitution and Article 1, Section 10 of the Ohio Constitution and Ohio's multiple count statute.
>
> 6. The trial courts [sic] erred in following State v. Foster after the U.S. Supreme Court issued its ruling in Oregon v. Ice when the trial court imposed maximum, consecutive sentences upon the petitioner without making the required findings of fact.
>
> 7. The State's request for petitioner to be sentenced to consecutive sentences because petitioner was in a trial, violated petitioner's rights to due process under the 14th Amendment to the U.S. Constitution, and Article 1, Sections 10 and 16 of the Ohio Constitution.

4

(3:11CV01750)

      8. Trial counsel rendered ineffective assistance of counsel in violation of the 6th Amendment to the U.S. Constitution and Article 1, Section 10, 16 of the Ohio Constitution. By [sic] failing to inform petitioner of there [sic] being a possible plea cutoff date. And [sic] for failing to be prepared during the sentencing hearing.

      9. The trial court lacked jurisdiction to try the petitioner without a jury.

ECF No. 1 at 5-17.

The State filed a return of writ. ECF No. 7. Petitioner filed a traverse. ECF No. 9. United States Magistrate Judge Kenneth S. McHargh issued a report and recommendations in accordance with 28 U.S.C. § 636(b)(1)(B), in which he recommended that the habeas petition should be denied in part and dismissed in part (due to procedural default). ECF No. 12. Petitioner timely filed objections. ECF No. 13. Although Petitioner broadly states that he "objects to all adverse rulings in the Report and Recommendation"; ECF No. 13 at 1; Petitioner's objections, in substance, are directed only to the magistrate judge's rejection of his ineffective-assistance-of-trial-counsel claims respecting the State's plea offer. In particular, Petitioner maintains that his trial attorney failed to "properly advise [him] during pretrial conferences that there was a deadline to accept [the] State[']s plea" offer and the magistrate judge "wrongly assumed" that even had Petitioner been properly advised by trial counsel, he would not have accepted the offer sooner. ECF No. 13 at 1, 5.

## II. Preliminary Rulings

The Court adopts, without further review, all of the magistrate judge's recommendations to which Petitioner did not specifically object. "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991). 28 U.S.C. § 636 does not require a district judge to

5

(3:11CV01750)

review a magistrate judge's report to which no objections are filed. *Thomas v. Arn*, 474 U.S. 140, 145, 106 S. Ct. 466, 88 L. Ed. 2d (1986). When proper objections are filed, the habeas court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1)(C). Accordingly, the Court will confine its *de novo* review to the magistrate judge's recommendation that Petitioner's ineffective-assistance-of-trial-counsel claims, as they relate to the State's plea offer, do not merit the grant of habeas relief.

### III. AEDPA Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may not grant a petition for a writ of habeas corpus with respect to any claim that was decided on the merits in state court proceedings unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). As interpreted by the United States Supreme Court:

> [u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

(3:11CV01750)

*Williams v. Taylor,* 529 U.S. 362, 412, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). The *Williams* Court emphasized that a court making the "unreasonable application" inquiry may not issue the writ simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, a federal habeas court should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter,* __ U.S. __, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011). Stated differently, in order to obtain federal habeas relief, a state prisoner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 786-87. "This is a difficult to meet . . . and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt . . . ." *Cullen v. Pinholster,* __ U.S. __, 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011) (citation omitted; internal quotations omitted). Furthermore, pursuant to *Pinholster*, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.*

### IV. Discussion

**A. Objections**

The Ohio Court of Appeals concluded that Petitioner's ineffective-assistance-of-trial-counsel claim lacked merit. The appeals court correctly identified the standard set forth in *Strickland v.*

7

(3:11CV01750)

*Washington*,[2] applied the standard, and held that Petitioner failed to show that his counsel was constitutionally deficient or that Petitioner was prejudiced by any deficiency. ECF No.7-1 at 156.

Under *Strickland*'s test for whether counsel was constitutionally ineffective:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

In considering the performance prong, the test is "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. at 688. "[S]crutiny of counsel's performance must be highly deferential." *Id.* at 689. If counsel was ineffective, "[t]he defendant must [also] show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In the habeas context, this Court's function is not to assess whether the Ohio Court of Appeals correctly applied *Strickland*. Rather, this Court considers Petitioner's claim "within the more limited assessment of whether the state court's application of *Strickland* . . . was objectively reasonable." *Washington v. Hofbauer*, 228 F.3d 689, 702 (6th Cir. 2000).

---

[2] More recently, in *Missouri v. Frye*, __ U.S. __, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012), and *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), the United States Supreme Court expanded *Strickland*'s holding to the plea bargaining context. These cases, however, were decided after Petitioner's state court proceedings. "Later Supreme Court decisions play no role in assessing the reasonableness of the state court decisions." *Brown v. Greiner*, 409 F.3d 523, 533 (2d Cir. 2005); *see Likely v. Ruane*, 681 F. Supp.2d 107, 110 (D.Mass. 2010); *Van Norman v. Schriro*, 616 F. Supp.2d 939, 957 (D.Ariz. 2007).

8

(3:11CV01750)

The magistrate judge determined that the Ohio Court of Appeals did not unreasonably apply *Strickland* in rejecting Petitioner's claim. In his objections, Petitioner asserts that his trial attorney failed to advise him that "there was a deadline to accept [the] State[']s plea" offer. ECF No. 13 at 1. Petitioner describes the following additional facts regarding the plea bargaining process. According to Petitioner, eight months before the trial, the State made him a plea offer of fifteen years. ECF No. 13 at 5. Six months before the trial, the State made a plea offer of twelve years. ECF No. 13 at 5. Then, four months before the trial, the State made a plea offer of ten years. ECF No. 13 at 5. Petitioner claims that he "want[ed] a fairer plea" and that "waiting to accept an offer" was part of his "negotiating strategy." ECF No. 13 at 5. Five days prior to trial, while meeting with a prosecutor to assist the State with other unrelated cases, Petitioner "verbally asked for the State's last offer." ECF No. 9 at 17. The prosecutor responded that she was not the prosecutor on Petitioner's case and that she did not know whether the deal was still available. ECF No. 9 at 17. The next day, Petitioner learned from his attorney that the ten year plea offer had been withdrawn. ECF No. 9 at 20. Petitioner contends that he would have accepted the State's deal "sooner" had his attorney properly advised him of the cutoff date for accepting the deal. ECF No. 13 at 5.

The Ohio Court of Appeals' rejection of Petitioner's claim did not involve an unreasonable application of *Strickland*. There was no evidence before the appeals court that Petitioner's attorney failed to communicate the cutoff date for accepting the State's final plea offer. In fact, there was no evidence that there *was* a cutoff date. Moreover, nothing indicated that the State's final plea offer remained available after Petitioner rejected it. Perhaps Petitioner could have developed evidence of his lawyer's communications with him (or lack thereof) in a state post-conviction proceeding.

9

(3:11CV01750)

Petitioner did not, however, properly pursue such a proceeding. Because the Court's review of Petitioner's claim is limited to the state court record, and the record does not show that Petitioner's attorney failed to communicate information about the plea offer to Petitioner, the appeals court's conclusion that Petitioner did not show ineffective assistance of counsel was not unreasonable.

Nor did the Ohio Court of Appeals unreasonably apply *Strickland* when concluding that, even had counsel been ineffective, Petitioner did not suffer prejudice. The appeals court determined that Petitioner knew about the ten year plea offer, had rejected it, and had communicated to the prosecutor that he was unwilling to accept a plea deal unless his period of incarceration was limited to six months–facts Petitioner does not contest. ECF No. 7-1 at 157. Moreover, Petitioner complained to the trial judge during the sentencing hearing that the State "refused to get me a type of plea that would be fair." ECF No. 8-2 at 124. Therefore, there was a reasonable basis for the appeals court to conclude that Petitioner was unsatisfied with the terms of the State's plea offer and would not have accepted it even if there existed a cutoff date of which Petitioner was aware.

Therefore, the Court denies habeas relief with respect to Petitioner's claim that his trial counsel failed to communicate the cutoff date for accepting the State's plea offer.

**B. Other Matters**

The Court notes that, in Petitioner's objections, he asserts related but different ineffective-assistance-of-trial-counsel claims that were not presented in state court. For example, Petitioner argues that his trial counsel: (1) advised him that "there was a chance the [State] would offer a fairer plea than 10 yrs before trial"; (2) should have informed the State "that Petitioner wanted at least [its] final offer" before the final offer was withdrawn; (3) failed to inform Petitioner that the State's plea

10

(3:11CV01750)

offer could be withdrawn at any time; and (4) "failed to inform the fact finder the morning of trial of petitioner's obivious [sic] plea bargain posture." ECF No. 13 at 2, 4.

"[T]he doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see Jalowiec v. Bradshaw*, No. 1:03CV0645, 2008 WL 312655 at *24 (N.D. Ohio January 31, 2008). "If a habeas petitioner fails to raise an issue in state court, the claim is procedurally defaulted and may not be considered by the federal court on habeas review." *Lorraine v. Coyle*, 291 F.3d 416, 422 (6th Cir. 2002) (*citing Wainwright v. Sykes*, 433 U.S. 72, 80, 84-87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977)). "A petitioner may avoid procedural default, however, if he demonstrates cause and prejudice for the default, or that a miscarriage of justice will result from enforcing the procedural default in his case." *Id.*

Because Petitioner does not argue that he can show cause and prejudice, or that a miscarriage of justice would result, these claims are procedurally defaulted. *See Wong*, 142 F.3d at 322.

(3:11CV01750)

## V. Conclusion

Based on the above, the Court overrules Petitioner's objections, adopts the magistrate judge's report and recommendations, and denies in part, and dismisses in part, the petition for a writ of habeas corpus. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

| | |
|---|---|
| April 11, 2014 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |